<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

AKHTAR B. HASAN,                    )
                                    )  Civil Action
          Plaintiff                 )  No. 13-cv-00387
                                    )
     vs.                            )
                                    )
THRESHOLD REHABILITATION, INC.,     )
                                    )
          Defendant                 )

                    *      *      *

APPEARANCES:

          JEFFREY R. ELLIOTT, ESQUIRE
               On behalf of Plaintiff

          G. THOMPSON BELL III, ESQUIRE
          BRAD M. KUSHNER, ESQUIRE
               On behalf of Defendant

                    *      *      *

JAMES KNOLL GARDNER
United States District Judge

# <u>O P I N I O N</u>

          This matter is before the court on Defendant Threshold

Rehabilitation Services, Inc.'s Motion to Dismiss Plaintiff's

Complaint, which motion was filed March 27, 2013 ("Motion to

Dismiss") together with Defendant Threshold Rehabilitation

Services, Inc.'s Brief in Support of Motion to Dismiss

("Defendant's Brief").  On April 10, 2013 plaintiff filed the

Reply of Plaintiff Akhtar B. Hasan, in Opposition to Motion to

Dismiss of Defendant, Threshold Rehabilitation Services, Inc. ("Plaintiff's Reply").

## SUMMARY OF DECISION

For the reasons expressed below, I grant in part and deny in part defendant's Motion to Dismiss.  Specifically, I grant the motion to the extent that it seeks to dismiss those portions of Counts I and III of the Complaint which assert a claim for hostile work environment because plaintiff has not sufficiently pled such claim.  Furthermore, I grant the Motion to Dismiss to the extent that it seeks to dismiss Count II because plaintiff has not sufficiently pled a pendent Pennsylvania state-law claim for intentional infliction of emotional distress.

Finally, I find that plaintiff has pled sufficient facts to support a reasonable inference that defendant discriminated against her through disparate treatment and through failure to accommodate a religious observance on the basis of race, religion, or national origin.  Therefore I deny defendant's Motion to Dismiss to the extent that it seeks to dismiss those portions of Counts I and III which allege discrimination by disparate treatment and failure to accommodate a religious observance.

## JURISDICTION

This court has original jurisdiction over the subject matter of this employment discrimination action based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction over plaintiff's pendent Pennsylvania state-law claims for intentional infliction of emotional distress, disparate treatment, and hostile work environment pursuant to 28 U.S.C. § 1367.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Reading, Berks County, Pennsylvania, which is located in this judicial district. See 28 U.S.C. §§ 118, 1391(b).

## PROCEDURAL HISTORY

This matter is before the court on the Complaint filed January 24, 2013 by plaintiff Ahktar B. Hassan.  Defendant Threshold Rehabilitation, Inc.[1] filed a motion to dismiss on March 27, 2013, which motion, having been briefed by the parties, is now before the court for disposition.

## PLAINTIFF'S CLAIMS

On January 24, 2013 plaintiff filed her Complaint alleging three counts against defendant Threshold

---

[1]      Plaintiff's Complaint names defendant "Threshold Rehabilitation, Inc.".  Defendant alleges that its correct name is "Threshold Rehabilitation Services, Inc.".  See defendant's Motion to Dismiss ¶ 1.  Neither party filed a motion to amend the Complaint in that regard.

Rehabilitation, Inc.  Count I alleges a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-16c ("Title VII") and 42 U.S.C. § 1981 ("Section 1981") for disparate treatment, failure to accommodate a religious observance, and hostile work environment.  Count II avers a Pennsylvania state-law claim for intentional infliction of emotional distress.  Count III avers a claim for a violation of the Pennsylvania Human Relations Act[2] ("PHRA") for disparate treatment and hostile work environment.

**STANDARD OF REVIEW**

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to dismiss, the court relies on the complaint, exhibits attached to the complaint, and matters of public record, including other judicial proceedings.  Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil

---

[2]     Act of October 27, 1955, P.L. 744, No. 222, §§ 1-13, as amended, 43 P.S. §§ 951-963.

Procedure 9, a complaint is sufficient if it complies with
Rule 8(a)(2), which requires "a short and plain statement of the
claim showing that the pleader is entitled to relief".
Rule 8(a)(2) does not require heightened fact pleading of
specifics, but only enough facts to state a claim for relief
that is plausible on its face.  <u>Twombly</u>, 550 U.S. at 570,
127 S.Ct. at 1974, 167 L.Ed.2d at 949.[3]

In determining whether a complaint is sufficient, the
court must accept all factual allegations as true, construe the
complaint in the light most favorable to the plaintiff, and
determine whether, under any reasonable reading, the plaintiff
may be entitled to relief.  <u>Fowler</u>, 578 F.3d at 210 (citing
<u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir.
2008)).

Although "conclusory" or "bare-bones allegations" will
not survive a motion to dismiss, <u>Fowler</u>, 578 F.3d at 210, a
complaint may not be dismissed merely because it appears
unlikely that the plaintiff can prove those facts or will
ultimately prevail on the merits.  <u>Phillips</u>, 515 F.3d at 231.
Nonetheless, to survive a Rule 12(b)(6) motion, the complaint

---

[3]      The United States Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>,
556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states
clearly that the "facial plausibility" pleading standard set forth in <u>Twombly</u>
applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>,
578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then
"allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged", and that plaintiff is entitled to relief.
<u>Fowler</u>, 578 F.3d at 210 (quoting <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949,
173 L.Ed.2d at 884).

must provide "enough facts to raise a reasonable expectation
that discovery will reveal evidence of the necessary element."
Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965,
167 L.Ed.2d at 940) (internal quotations omitted).

       The court is required to conduct a two-part analysis
when considering a Rule 12(b)(6) motion.  First, the factual
matters averred in the complaint, and any attached exhibits,
should be separated from legal conclusions asserted.  Fowler,
578 F.3d at 210.  Any facts pled must be taken as true, and any
legal conclusions asserted may be disregarded.  Id. at 210-211.

       Second, the court must determine whether those factual
matters averred are sufficient to show that the plaintiff has a
"plausible claim for relief."  Id. at 211 (quoting Iqbal,
556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

       Ultimately, this two-part analysis is "context-
specific" and requires the court to draw on "its judicial
experience and common sense" to determine if the facts pled in
the complaint have "nudged [plaintiff's] claims" over the line
from "[merely] conceivable [or possible] to plausible."  Iqbal,
556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d
at 884-885.

       A well-pled complaint may not be dismissed simply
because "it strikes a savvy judge that actual proof of those

facts is improbable, and that a recovery is very remote and
unlikely."  Twombly, 550 U.S. at 556, 127 S.Ct. at 1965,
167 L.Ed.2d at 940-941 (internal quotations omitted).

### FACTS

Based upon the averments in plaintiff's Complaint,
which I must accept as true under the applicable standard of
review discussed above, the pertinent facts are as follows.

Plaintiff was hired by defendant, Threshold
Rehabilitation, Inc., on April 5, 2002 as a full-time
Residential Program Assistant.[4]  During her employment from
April 5, 2002 through November 18, 2011 plaintiff was the sole
individual of Asian and Indian race or national origin and one
of the only individuals of the Muslim faith who were employed by
defendant.[5]  Plaintiff performed all job duties in a
satisfactory, worker-like manner in accordance with the rules,
regulations, and policies of defendant and in compliance with
all directives and applicable obligations.[6]

On August 31, 2011 and again on September 19, 2011,
plaintiff requested to be allowed to exercise her religion by
attending the Hajj, a religious pilgrimage to holy sites in

---

[4]     Complaint ¶¶ 13-14.

[5]     Complaint ¶ 15.

[6]     Complaint ¶ 16.

Mecca, Saudi Arabia, in November 2011.[7]  Plaintiff notified
defendant that the Hajj was a religious obligation which
plaintiff's religious beliefs required her to complete once in
her lifetime which she feared she would not be able to complete
in future years because of her advancing age, financial
circumstances, and the physical demands of the Hajj.[8]

Plaintiff complied with defendant's policies and gave
reasonable and sufficient notice to her supervisor, Martha
Gonzales, Assistant Director of Community Support Services, that
plaintiff intended to take three weeks off to attend the Hajj
and that she intended to use all of her vacation time and would
require an additional five days of unpaid leave.[9]  Ms. Gonzales;
Heidi Rupert, Human Resources Director; and Ronald Williams,
President, knew that plaintiff was a practicing Muslim and that
she was of Asian and Indian descent.[10]

Nonetheless, defendant denied plaintiff's request
stating that plaintiff had insufficient vacation time to cover
the last five days of her absence even though plaintiff was
willing to take unpaid leave for those last five days.[11]
Furthermore, defendant advised plaintiff that if she took the

---

[7]     Complaint ¶ 17.

[8]     Complaint ¶¶ 18, 20.

[9]     Complaint ¶¶ 19, 21.

[10]    Complaint ¶ 26.

[11]    Complaint ¶¶ 22-24.

-8-

time to attend the Hajj, her employment would be terminated.[12]
Plaintiff complained to supervisors, managers, and officials of
defendant that the rejection of her request to use accrued
vacation time and leave to attend the Hajj was in violation of
state and federal civil rights laws against religious
discrimination.[13]

Plaintiff went on the Hajj during October and November
of 2011 because of the circumstances of her family planning and
religious fervor, and her employment was terminated as a
result.[14]  On November 18, 2011, when plaintiff returned to work,
she was advised that her employment was terminated.[15]

Plaintiff's employment was terminated in retaliation
for her asserting her religious rights and for complaining about
the discriminatory and retaliatory conduct by management and
supervisors.[16]

Defendant would not have endured any hardship had it
accommodated plaintiff's request for unpaid religious leave.
The leave period was not occurring at a time of particular
increase in schedule or work requirements, and other Residential

---

[12]     Complaint ¶ 27.

[13]     Complaint ¶ 28.

[14]     Complaint ¶ 29.

[15]     Complaint ¶ 30.

[16]     Complaint ¶ 33.

Program Assistants were able to cover the five-day period of absence.[17]  Furthermore, this request would not be recurring and onerous to defendant because plaintiff was either the only, or, at most, one of few Muslim employees.[18]

Other non-Muslim employees were permitted leave prerogatives similar to the request made by plaintiff and were not subjected to, nor did they suffer, the harassment, abuse, employment discrimination, or adverse job action which plaintiff endured.  On the contrary, they were treated in a more favorable and partial manner by officials, managers, and supervisors of defendant in the disposition of such requests.[19]

After plaintiff notified defendant of the above-described discrimination, defendant never conducted an investigation into her allegations of discrimination and retaliation for having made discrimination complaints.  Nor did defendant conduct training on equal employment, discrimination, or harassment.[20]  Any training conducted by defendant purporting to be training on these issues was inadequate, incomplete, ineffective, and legally insufficient.[21]

---

[17]    Complaint ¶ 25.

[18]    Id.

[19]    Complaint ¶¶ 31, 34-35.

[20]    Complaint ¶¶ 32, 37.

[21]    Complaint ¶ 38.

Defendant engaged in the harassing and discriminatory behavior described above knowing that plaintiff found such conduct to be offensive and knowing that the actions of its employees were offensive to plaintiff and could cause plaintiff emotional harm.[22]  Such harassing and discriminatory behavior was engaged in by employees of defendant in the regular course and scope of their employment, was not part of the working relationship, and was based upon a personal animus against plaintiff.[23]

As a result of defendant's actions, plaintiff has been injured in her good name, credit, and reputation and has suffered emotional distress, pain, anguish, humiliation, embarrassment, and injury.[24]

### CONTENTIONS OF THE PARTIES

### Defendant's Contentions

Defendant seeks dismissal of Count I of plaintiff's Complaint on the grounds of failure to state a claim upon which relief can be granted.  Defendant contends that plaintiff's Complaint does not state a claim for discrimination, or harassment because of plaintiff's religion, race, or national

---

[22]    Complaint ¶¶ 55, 64-65.

[23]    Complaint ¶¶ 56-57.

[24]    Complaint ¶¶ 66-67.

origin, or a claim that defendant failed to accommodate a bona fide religious practice under Title VII and Section 1981.[25]

Further, defendant seeks dismissal of Count II of plaintiff's Complaint alleging failure to state a claim for intentional infliction of emotional distress.  Specifically, defendant argues that the Complaint does not contain allegations that plaintiff was subjected to outrageous conduct, as required to state a claim for intentional infliction of emotional distress under Pennsylvania state law.

Finally, defendant seeks dismissal of Count III of plaintiff's Complaint alleging a violation of the Pennsylvania Human Relations Act for failure to state a claim upon which relief can be granted.  Defendant argues that because PHRA claims are governed by the same standards that apply to Title VII claims, Count III of the Complaint should be dismissed for the same reasons as Count I.

### Plaintiff's Contentions

Plaintiff contends that she has sufficiently stated a claim for discrimination or harassment because of religion, race, or national origin, or failure to accommodate a bona fide religious practice under in violation of Title VII, Section 1981, and the PHRA.  Specifically, plaintiff contends that she has stated a claim for discrimination because of disparate

---

[25]     Defendant's Brief at page 1.

treatment, failure to accommodate a religious observance, and hostile work environment.  Thus, plaintiff argues that she has stated a claim upon which relief can be granted in both Count I and Count III of her Complaint.

Additionally, plaintiff contends that she has sufficiently stated a pendent Pennsylvania state-law claim in Count II for intentional infliction of emotional distress. Specifically, plaintiff contends that she pled outrageous and intentional conduct by harassment, including bigotry, ignoring complaints, failing to take any remedial action, and subsequent retaliation and termination which were reasonably calculated to cause great distress.

## DISCUSSION

### Discrimination Claim

#### Disparate Treatment

To state a claim for discrimination under Title VII, Section 1981, and the PHRA, "plaintiff must demonstrate that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) the circumstances of the adverse employment action create an inference of discrimination." Boyer v. Johnson Matthey, Inc., 2005 WL 35893 *5 (E.D.Pa. January 6, 2005) (Surrick, J.) (citing Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003));

see also <u>Jones v. School District Of Philadelphia</u>, 198 F.3d 403, 409 (3d Cir. 1999)  indicating that disparate treatment claims under Title VII, Section 1981, and the PHRA are analyzed under the same framework.

Here, plaintiff has alleged that she belongs to a protected class because she is of Asian and Indian descent and that she was qualified for her position and performed her job in a satisfactory manner.[26]  Plaintiff has further alleged that despite performing all job duties in a satisfactory manner and complying with all directives and obligations, and after giving reasonable notice of her request, plaintiff was subject to an adverse employment action when her request to take unpaid leave to attend the Hajj was denied and plaintiff was terminated for taking such leave to attend the Hajj.[27]  Thus, plaintiff's Complaint has sufficiently pled the first three elements of a disparate treatment claim of discrimination.

In addition, plaintiff's Complaint has sufficiently pled the fourth element because she alleged several facts which plausibly lead to an inference of discrimination based on the circumstances of the adverse employment action.  Specifically, plaintiff alleged that other non-Asian and/or Indian descent

---

[26]     Complaint ¶¶ 15-16.

[27]     Complaint ¶¶ 16, 19, 24, 27, 29, 30.

employees' similar requests for leave were granted and they did
not suffer the adverse job action which plaintiff endured.[28]

Additionally, plaintiff alleged that Hispanic and
Caucasian and non-Muslim employees were treated in a more
favorable manner, not subject to employment discrimination, and
treated more favorably in the disposition of requests such as
that made by plaintiff.[29]

Finally, plaintiff alleged that similarly situated
Hispanic and/or American-born and non-Muslim employees were
treated more favorably than Plaintiff with regard to employment
opportunities, advancement, and terms and conditions of
employment.[30]  Because these allegations, when viewed together,
could give rise to an inference of racial discrimination,
plaintiff has sufficiently pled the fourth element of her
disparate treatment claim.

Therefore, plaintiff has sufficiently stated a claim
for disparate treatment in violation of Title VII, Section 1981,
and the PHRA.  As such, defendant's motion to dismiss is denied
to the extent that it seeks to dismiss the portions of Counts I
and III which allege a disparate treatment claim.

---

[28]     Complaint ¶ 31.

[29]     Complaint ¶¶ 34-35.

[30]     Complaint ¶ 45.

## Failure to Accommodate Religious Observance

Plaintiff's claim for failure to accommodate a religious observance is a proper claim under Title VII and the PHRA only; the scope of Section 1981 is not so broad as to include religious discrimination.  King v. Township of East Lampeter, 17 F.Supp.2d 394, 417 (E.D.Pa. 1998) (Van Antwerpen, J.) aff'd, 182 F.3d 903 (3d Cir. 1999).

"To establish a prima facie case of religious discrimination [under Title VII and the PHRA], the employee must show: (1) she holds a sincere religious belief that conflicts with a job requirement; (2) she informed her employer of the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement."  Webb v. City of Philadelphia, 562 F.3d 256, 259 (3d Cir. 2009).  Additionally "[t]he employee must give the employer "fair warning" that a particular employment practice will interfere with that employee's religious beliefs." Wilkerson v. New Media Technical Charter School Inc., 522 F.3d 315, 319 (3d Cir. 2008).

Here, plaintiff alleged she holds a sincere religious belief that, as a Muslim, she must attend the Hajj -- a religious pilgrimage to holy sites in Mecca, Saudi Arabia -- once in her lifetime and she would not be able to complete the Hajj in future years due to her advancing age, financial

circumstances, and the physical demands of the pilgrimage.[31]
Plaintiff's belief conflicted with her job requirements when her
supervisor denied her request to use vacation time and five days
of unpaid leave to attend the Hajj.[32]  Plaintiff informed her
employer of the conflict, and was terminated when she
nonetheless attended the Hajj.[33]  Finally, plaintiff provided
fair warning to defendant of the conflict nearly two months
before the conflict occurred when plaintiff notified defendant
that she was requesting time off in order to exercise her
religion.[34]

Therefore, plaintiff has sufficiently stated a claim
for failure to accommodate a religious observance in violation
of Title VII and the PHRA when defendant failed to accommodate
plaintiff's request to attend the Hajj.  As such, defendant's
motion to dismiss is denied to the extent that it seeks to
dismiss the portion of Counts I and III that allege a claim for
failure to accommodate a religious observance.

---

[31]     Complaint ¶¶ 17-18, 20.

[32]     Complaint ¶¶ 22, 24, 27.

[33]     Complaint ¶¶ 19-22, 26, 28-30.

[34]     Complaint ¶ 17; see also Wilkerson v. New Media Technical Charter
School Inc., 522 F.3d 315, 319 (3d Cir. 2008) (reasoning that fair warning
must notify the employer of the particular beliefs and observances that the
employee holds in connection with her religious affiliation).

<u>Hostile Work Environment</u>

In order to state a claim for hostile work environment, plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face". <u>Culler v. Secretary of United States Veterans Affairs</u>, 507 Fed.Appx. 246, 249 (3d Cir. 2012) (citing <u>Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868).

Plaintiff's brief in opposition argues that the "pleading standards for a hostile work environment case have been held by the Third Circuit ... to be 'lenient' and not to require a plaintiff to set out a prima facie case in the complaint".[35]  This not the proper standard of review because, as explained above, the Third Circuit applies <u>Twombly</u> and <u>Iqbal</u>'s pleading requirements to employment discrimination claims.  <u>See</u> <u>Culler</u>, 507 Fed.Appx. at 249 (applying <u>Twombly</u>/<u>Iqbal</u> standard to hostile work environment claims).

In order to state a claim for hostile work environment under Title VII, Section 1981, and the PHRA, a plaintiff must show (1) she suffered intentional discrimination because of race, sex, national origin or religion; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected plaintiff; (4) it would have detrimentally affected a reasonable person of the same protected class in plaintiff's

---

[35]     Plaintiff's Reply at p. 16.

position; and (5) there is a basis for vicarious liability.  See Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001), see also Abramson v. William Paterson College of New Jersey, 260 F.3d 265, 276 n.5 (3d Cir. 2001) (holding that a hostile work environment claim may allege discrimination based on plaintiff's race, sex, national origin, or religion).

Plaintiff's claim fails to set forth sufficient facts which set forth a claim for hostile work environment that is plausible on its face.  Though plaintiff claims that actions taken toward her include "verbal harassment, derogatory comments, disparate workplace treatment and ultimate termination of plaintiff's employment"[36], she does not allege any facts which could be construed to constitute such verbal harassment or derogatory comments.

Furthermore, while plaintiff has alleged disparate workplace treatment and ultimate termination of her employment, she has not alleged any facts which show that this treatment was pervasive and regular.  Plaintiff's complaint focuses on one event which such disparate treatment and termination stem from, defendant's refusal to accommodate her request to use unpaid leave to attend the Hajj.  This one event is insufficient to state a claim of pervasive and regular discrimination sufficient to plausibly establish a hostile work environment.  See Ocasio

---

[36]     Complaint ¶ 43.

v. Lehigh Valley Family Health Center, 92 Fed.Appx. 876, 880
(3d Cir. 2004) ("Isolated incidents over a long period of time
do not constitute a hostile work environment.").

        Therefore, plaintiff's Complaint fails to
sufficiently state a claim for hostile work environment in
violation of Title VII, Section 1981, or the PHRA because she
has not pled regular and pervasive disparate treatment.  As
such, Defendant's Motion to Dismiss is granted to the extent
that it seeks to dismiss those portions of Counts I and III that
allege a claim for hostile work environment.

### Intentional Infliction of Emotional Distress Claim

        In order to state a claim for intentional infliction
of emotional distress, a plaintiff must allege (1) extreme and
outrageous conduct (2) that intentionally or recklessly
(3) caused emotional distress (4) which was severe.  See Hoy v.
Angelone, 456 Pa.Super. 596, 691 A.2d 476 (1997); see also
Shaner v. Synthes, 204 F.3d 494, 507 (3d Cir. 2000).

        "At the outset, it must be recognized that it is
extremely rare to find conduct in the employment context that
will rise to the level of outrageousness necessary to provide a
basis for recovery for the tort of intentional infliction of
emotional distress."  Cox v. Keystone Carbon Co., 861 F.2d 390,
395 (3d Cir. 1988).  The Third Circuit in Cox explained that
"while loss of employment is unfortunate and unquestionably

causes hardship, often severe, it is a common event and cannot provide a basis for recovery for [intentional infliction of emotional distress]" Id. at 395.

Here plaintiff's allegations that she was discriminated against and terminated because of her race, national origin, and religion do not rise to the level of extreme or outrageous conduct which would state a claim for intentional infliction of emotional distress.  See e.g. Ruder v. Pequea Valley School District, 790 F.Supp.2d 377, 398 (E.D.Pa. 2011) (Goldberg, J.) where failure of a school district to provide information to a teacher suffering from Crohn's disease, regarding medical leave and the teacher's ultimate termination did not rise to the level of "outrageous" conduct.

See also Garges v. People's Light & Theatre Co., 529 Fed.Appx. 156, 158 (3d Cir. 2013) where plaintiff's allegations that defendants "told [plaintiff's] relatives that [plaintiff] was suicidal and mentally ill, and that the defendants tried to destroy her reputation and career, and/or drive her to suicide are not extreme enough to make out a claim for intentional infliction of emotional distress".

Therefore, plaintiff's Complaint fails to sufficiently state a claim for intentional infliction of emotional distress. As such, Defendant's Motion to Dismiss is granted with respect to Count II of plaintiff's Complaint.

## CONCLUSION

For the reasons expressed above, I grant in part and deny in part Defendant's Motion to Dismiss.

I grant Defendant's Motion to Dismiss to the extent that it seeks to dismiss those portions of Counts I and III which allege a hostile work environment because plaintiff has not pled facts to support such a claim.  Additionally, I grant Defendant's Motion to Dismiss to the extent that it seeks to dismiss Count II because plaintiff has not pled facts which support a claim for intentional infliction of emotional distress.

Defendant's Motion to Dismiss is denied in all other respects.  Defendant shall have until April 18, 2014 to file and serve an answer to plaintiff's Complaint.